■ RANDOM HOUSE, INC., Respondent, v LECHT SCIENCES,

INC., Appellant.—Order, Supreme Court, New York County (Alfred M. Ascione, J.), entered November 12, 1985, which, as here pertinent, granted the motion of plaintiff Random House, Inc., for summary judgment directing return of a $300,000 deposit and dismissed defendant's first and second counterclaims, and denied defendant's motion for partial summary judgment dismissing the complaint, modified, on the law, to deny plaintiff's motion for summary judgment, and otherwise affirmed, with costs.

In a letter agreement dated June 1, 1984, plaintiff Random House, Inc., and Lecht Sciences, Inc. (Lecht), following extensive negotiations, agreed that Random House would deposit the sum of $300,000 with Lecht "for the right to evaluate on an exclusive basis the developmental materials relating to the five Marcel Marceau titles which you have scheduled for preview on or before August 1. This total sum would be immediately refundable to Random House should the materials not meet our specifications, but if Random House were to withdraw without cause, the $300,000 is refundable on November 1, 1984. If the deal is consummated, the deposit would be applied to the total sum of $500,000 agreed upon."

The letter agreement went on to provide in pertinent part:

"3. On delivery of the first two master disks and camera-ready copy of the print materials, scheduled for September 15, 1984, Random House will make a payment of $100,000.

"4. On delivery of the final three master disks and camera-ready copy of print materials, scheduled for October 1, 1984, Random House will make a final payment of $100,000."

In a letter dated October 29, 1984, Random House informed defendant's chairman that the discs, while "technologically impressive * * * are so commercially unsuitable" that Random House had determined to withdraw from the program and requested prompt refund of the $300,000 deposit. Lecht refused to return the $300,000. Random House then instituted this action seeking the return of that sum of money. In its answer, Lecht interposed counterclaims which, as here relevant, sought to recover the total sum of $200,000 referred to in the letter agreement, alleging, *inter alia,* bad faith on the part of Random House.

Plaintiff moved for summary judgment directing return of the $300,000 deposit and dismissal of the defendant's counterclaims. Lecht in turn cross-moved for partial summary judgment dismissing the complaint.

Special Term granted Random House's motion for summary

judgment directing return of the $300,000 deposit and dismissal of defendant's first and second counterclaims, finding that Random House's "option" to evaluate the developmental materials scheduled for preview on or before August 1, 1984 had been extended from time to time, and that Random House's ultimate judgment that the submitted materials were commercially unsuitable was reached in good faith. We modify Special Term's order to deny plaintiff's motion for summary judgment directing return of the deposit and dismissal of defendant's first and second counterclaims, and otherwise affirm.

After a careful review of the record, we are persuaded that factual issues are presented that preclude the granting of summary judgment to either party. It is clear that a meeting originally scheduled for August 1, 1984 for the evaluation "on an exclusive basis" of certain developmental materials was adjourned on consent until August 3, 1984. Conflicting affidavits present a factual issue as to whether or not at that adjourned meeting Random House approved the materials submitted to it, and agreed to proceed with the arrangements that were to follow such approval.

Even assuming that Random House had not approved the materials on August 3, 1984, factual issues are presented as to how long its exclusive "option" to evaluate the developmental materials was extended at that time and thereafter, and whether or not by word or action it had confirmed its undertaking to proceed with its obligations under the agreement. Other factual issues, including questions of good faith, are also presented that need not be here detailed. Concur—Sandler, J. P., Carro, Asch, Kassal and Rosenberger, JJ.